IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KONESHA MALONE, W.R.M., J.R.M, JOHNNY CURTIS | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 4:20-00553-CV-RK |
| v. | ) ) | |
| CANYON CREEK APARTMENTS, LLC, TRAVIS CLAYTON | ) ) ) | |
| Defendants. | ) | |

## ORDER REMANDING THE CASE

Before the Court is Plaintiffs' motion to remand. (Doc. 5.) The Defendants responded. (Doc. 12.) This Court is not satisfied that federal diversity jurisdiction exists. After careful consideration, and for the reasons set forth below, the motion is **GRANTED** and this Court remands this case to the Circuit Court of Jackson County, Missouri.

### Background

Plaintiffs Konesha Malone, W.R.M., J.R.M., and Johnny Curtis originally brought this action against Defendants Canyon Creek Apartments, LLC ("Canyon") and Travis Clayton in state court. Plaintiffs allege injuries resulting from carbon monoxide poisoning in their apartment, a property then owned by Canyon and managed by Clayton, caused by their negligence and breach of contract. (Doc. 1-1.) Plaintiffs are citizens of Missouri. (Doc. 1 at 4-5). Canyon is a limited liability company and citizen of California for diversity purposes. (*Id.*) Canyon filed a Notice of Removal (Doc. 1.), alleging that Clayton was fraudulently joined so that his citizenship has no bearing on the determination of diversity jurisdiction (*Id.* at 4-5). Because Plaintiff is a citizen of Missouri and Canyon is a citizen of California, Canyon contends complete diversity of citizenship exists in this case. (*Id.*)

### Discussion

The removing party "bears the burden of establishing jurisdiction by a preponderance of the evidence." *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). "Federal court diversity jurisdiction of state law claims requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants." *OnePoint Sols., Co. v. Borchert*, 486

F.3d 342, 346 (8th Cir. 2007) (citing 28 U.S.C. § 1332(a)). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Id.* (citation omitted). In this case, Plaintiffs and Clayton are citizens of Missouri.[1] (Doc. 1 at 4-5.) Canyon argues that Clayton was fraudulently joined and that his citizenship should be disregarded. (Doc. 1 at 7-9.) This Court is unconvinced. "[I]f there is a 'colorable' cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (emphasis in original).

Here, Plaintiffs have pled a colorable cause of action against Clayton. Under Missouri premises liability law, an employee may be liable if that employee either "has or assumes full and complete control of his employer's premises" or, without such complete control, "breaches some duty which he owes" to third parties. *State ex rel. Kyger v. Koehr*, 831 S.W.2d 953, 956 (Mo. Ct. App. 1992).[2] A claim for negligence requires: "(1) a legal duty . . . (2) breach of the duty, (3) proximate cause, and (4) injury to the plaintiff." *Nickel v. Stephens College*, 480 S.W.3d 390, 400 (Mo. Ct. App. 2015). Plaintiffs allege, among other things, that Clayton owed them a duty (Doc. 1-1, ¶ 54), that he breached that duty (*Id.*, ¶ 55), and that his breach was the proximate cause (*Id.*, ¶ 56) of their injuries (*Id.*, ¶ 61). Specifically, Plaintiffs allege that Clayton was "manager of [the apartment] and the furnace installed in [the apartment]" and that he had a duty to install, check, and replace carbon monoxide detectors and to warn Plaintiffs of any dangerous condition in the apartment. (*Id.*, ¶ 54.) Although Canyon filed an affidavit declaring that Clayton managed neither the apartment nor the furnace, consideration of affidavits is inappropriate because the district court should "resolve all facts . . . in the plaintiff's favor." *Filla*, 336 F.3d at 810; *see also Petrovic v. BP Corp. N. Am. Inc.*, No. 4:18-00799-CV-RK, 2019 WL 630299, at *3 (W.D. Mo. Feb. 14, 2019) (declining to consider affidavits submitted with the notice of removal).

---

[1] Canyon does not provide Clayton's citizenship in its Notice of Removal but describes him as "the non-diverse defendant." (Doc. 1 at 9.) Plaintiff's Petition alleges that Clayton is "an individual residing" in Missouri. For purposes of federal jurisdiction, "domicile" is not necessarily synonymous with "residence." *Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1084 (8th Cir. 2017). Because Canyon does not contest that Clayton is a citizen of Missouri, and because Canyon describes Clayton as a "non-diverse defendant," the Court finds Clayton is a citizen of Missouri.

[2] It is undisputed that Missouri substantive law applies to this case.

In its opposition to the motion to remand, Clayton relies on *Lipp v. Ginger C, LLC*, No. 2:15-cv-04257-NKL, 2017 WL 253162 (W.D. Mo. Jan. 19, 2017), but it stretches the holding in that case. *Lipp* involved a fact-intensive discussion at the summary judgment stage of the factors for determining "possession" of property for purposes of premises liability. Because Clayton's citizenship is pertinent for complete diversity, Canyon has not met its burden to establish that complete diversity exists.

After careful consideration, and for the reasons set forth above, Plaintiff's motion to remand (Doc. 5) is **GRANTED**. This Court lacks jurisdiction over this case and remands it to state court.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: August 26, 2020